Dear Mr. Monsour:
Your request for an Attorney General's Opinion regarding the application of La.R.S. 42:261(A) and La.R.S. 16:2(A) to the East Baton Rouge Redevelopment Authority ("Authority") and the East Baton Rouge Community Development Entity, LLC ("CDE") has been assigned to me for research and reply.
The Authority was created by the state legislature under La.R.S. 33:4720.151 and is a "special district created pursuant to Article VI, Section 19 of the Constitution of Louisiana and political subdivision of the state as defined in Article VI, Section 44 of the Constitution of Louisiana."[1]
The CDE was established as a means to apply for New Markets Tax Credits ("Tax Credits") from the federal government. The CDE was granted an allocation of $60,000,000 in Tax Credits and, because of the complex nature of the rules and regulations involved with the use of the Tax Credits, it is necessary for the Authority and CDE to each retain counsel experienced in matters related to the Tax Credit, including financing structures. Thus, you ask whether the approval of this office is needed in order for the Authority and the CDE to retain such counsel.
Previously, this office has stated that "except as provided in LSA-R.S. 42:263, it is unlawful for any governmental entity subject to the ex officio legal representation of the district attorney to retain or retain private counsel."[2] The public entities described in La.R.S. 42:261(A) may retain special counsel pursuant to La.R.S. 42:263 when a "real necessity exists, made to appear by a resolution thereof stating fully the reasons for the *Page 2 
action and the compensation to be paid."[3] The resolution must then be approved by the attorney general. Specifically, La.R.S. 42:261 (A) provides the following:
Except as provided by Subsection C of this Section or as otherwise provided by law, the district attorneys of the several judicial districts other than the parish of Orleans shall, ex officio and without extra compensation, general or special, be the regular attorneys and counsel for the parish governing authorities, parish school boards, and city school boards within their respective districts and of every state board or commission domiciled therein, the members of which, in whole or in part, are elected by the people or appointed by the governor or other prescribed authority, except the state boards and commissions domiciled at the city of Baton Rouge, and all boards in charge or in control of state institutions.
Similarly, La.R.S. 16:2(A) lists the public entities that must be represented by the district attorney. The list of public entities in La.R.S. 16:2(A) is virtually identical to the one contained in La.R.S. 42:261(A).[4]
In the current instance, it appears that the attorney general's approval is not required prior to either the Authority or the CDE retaining counsel, as neither entity falls into the category of public bodies listed in La.R.S. 42:261(A) or La.R.S. 16:2(A). Plainly, neither the Authority nor the CDE can be classified as a parish school board or city school board within the meaning of La.R.S. 42:261(A) or La.R.S. 16:2(A). Further, the Metropolitan Council of the Parish of East Baton Rouge and the City of Baton Rouge is the applicable parish governing authority in this instance and not the Authority or the CDE. Hence, the representation of either entity by the district attorney would only be required if the Authority or the CDE is considered to be a state board or commission that is not domiciled in the city of Baton Rouge.
Nevertheless, as mentioned previously, the Authority is a "special district created pursuant to Article VI, Section 19 of the Constitution of Louisiana and political subdivision of the state as defined in Article VI, Section 44 of the Constitution of Louisiana." Article VI of the Constitution of Louisiana contains the heading "Local Government." Moreover, La.Const. art. 6, § 19 provides, in pertinent part, the following:
Subject to and not inconsistent with this constitution, the legislature by general law or by local or special law may create or authorize the creation of special districts, boards, agencies, commissions, and authorities of every type. . . *Page 3 
Notably, boards and commissions are specifically mentioned along with special districts. This implies that boards, commissions, and special districts are all separate and distinct types of entities. Thus, the Authority cannot be considered to be a state board or commission. Further, the CDE is a limited liability company rather than a state board and commission. Finally, we note the Authority was established for purposes similar to those of housing authorities, which may be created pursuant to La.R.S. 40:392. Such similar purposes include formulating plans to redevelop property within the parish as well as the elimination of blight.[5] Our previous opinions have indicated that housing authorities "do not fall within the types of entities and offices listed in La.R.S. 16:2 or La.R.S. 42:263(A)."[6]
In conclusion, it is the opinion of this office that neither the Authority nor the CDE is required to obtain the attorney general's approval to retain counsel.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: __________________________ BENJAMIN A. HUXEN II Assistant Attorney General
JDC/BAH II
[1] La.R.S. 33:4720.151(C)(2).
[2] See, for example, Atty. Gen. Op. No. 99-413.
[3] La.R.S. 42:263(A).
[4] Notably, La.R.S. 16:2(A) also includes hospital and asylum boards as well as education boards.
[5] See La.R.S. 40:384 and La.R.S. 40:383(7).
[6] Atty. Gen. Op. No. 05-0296. Seealso, Atty. Gen. Op. No. 77-1147.